# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**REGINALD DAILEY**                                      **CIVIL ACTION**

**VERSUS**                                               **NO. 20-745-SDD-RLB**

**BP EXPLORATION & PRODUCTION
INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 28, 2020.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REGINALD DAILEY**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 20-745-SDD-RLB**

**BP EXPLORATION & PRODUCTION INC., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Transfer Venue filed on November 23, 2020. (R. Doc. 6). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.[1]

On November 4, 2020, Reginald Dailey ("Plaintiff"), who is proceeding *pro se*, commenced this action naming "BP" as the sole defendant.[2] (R. Doc. 1). The Court granted Plaintiff's motion to proceed *in forma pauperis*. (R. Doc. 4).

In the body of his form complaint, Plaintiff asserts that he is suing BP for its "election not to mediate" certain claims for injuries arising from his employment as a truck driver for BP in 2011. Plaintiff submitted a copy of the first page of a letter from the Deepwater Horizon Medical Benefits Claims Administrator providing notice of BP's election not to mediate Plaintiff's claims for sialolithiasis and sarcoidosis pursuant to a Medical Benefits Class Action Settlement, and BP's objection to consideration of Plaintiff's claims for neck pain, shortness of breath, chest pain, and chronic back pain. (R. Doc. 1-1 at 3). The letter informed Plaintiff that he "must file any back-end litigation option lawsuit" in the United States District Court for the Eastern District of Louisiana within six months of the date of the notice. (R. Doc. 1-1 at 3).

---

[1] Plaintiff filed a Motion for Appointment of Counsel on December 11, 2020. (R. Doc. 8). The Court will deny that motion with leave to refile after the action is transferred.

[2] BP Exploration & Production Inc. and BP American Production Company (collectively, "BP" or "Defendants") filed the instant Motion to Transfer Venue.

On November 23, 2020, BP made a limited appearance for the sole purpose of seeking transfer of this action to the Eastern District of Louisiana. (R. Doc. 6). BP explains that this action arises out of the Medical Benefits Class Action Settlement Agreement ("MSA") entered into by BP to resolve exposure-related claims of response workers involved in the cleanup of the oil spill resulting from the April 20, 2010 blowup of the *Deepwater Horizon* drilling rig. (R. Doc. 6-1 at 1-2).[3] The MSA provides an exclusive remedy known as the Back-End Litigation Option ("BELO") for class members who seek compensation for Later Manifested Physical Conditions.[4]

Given the allegations in the Complaint, the attached letter from the Deepwater Horizon Medical Benefits Claims Administrator, and BP's arguments and representations, the Court concludes that Plaintiff has filed (or sought to file) a BELO Lawsuit controlled by the terms of the MSA.[5] The MSA requires all BELO lawsuits to be initially filed in the Eastern District of Louisiana, particularly the *Deepwater Horizon* MDL docket.[6] Plaintiff has not filed any opposition to transfer of this action in accordance with the terms of the MSA.[7] Once transferred, the case management order issued in the *Deepwater Horizon* MDL docket provides a process for which proper venue of this action will be determined.[8]

---

[3] *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 ("*In re Deepwater Horizon*"), ECF No. 6427-1 ("MSA").
[4] *See Id*. at § II ("Definitions") and VIII ("Back-End Litigation Option for Later-Manifested Physical Conditions").
[5] *See Id*. at § VIII(G)(1)(c) ("A Back-End Litigation Option Lawsuit against a Back-End Litigation Option Defendant shall be filed only in the Court; provided, however, that nothing in this Medical Settlement Agreement is intended to preclude subsequent transfer of venue of such lawsuit to a different United States District Court consistent with the Federal Rules of Civil Procedure."); § II(U) ("Court shall mean the United States District Court for the Eastern District of Louisiana, Judge Carl Barbier, presiding in *In Re: Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179.").
[6] *See Id*.
[7] *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").
[8] *See In re Deepwater Horizon*, ECF No. 14099.

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' Motion to Transfer Venue (R. Doc. 6) be **GRANTED**, and this action be **TRANSFERRED** to the U.S. District Court for the Eastern District of Louisiana, Judge Carl Barbier, presiding in *In Re: Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179.

Signed in Baton Rouge, Louisiana, on December 28, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**