IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD DAILEY,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 1:21-00360-KD-MU-C** |
| | ) |
| **BP EXPLORATION & PRODUCTION,** | ) |
| **INC.,** *et al.***,** | ) |
| | ) |
|    **Defendants.** | ) |

**ORDER**

    I. <u>Background</u>

    Plaintiff Reginald Dailey filed this action against BP Exploration & Production, Inc., and other defendants (collectively BP) alleging that his exposure to alleged toxic chemicals while working for BP as a truck driver in 2011 during the Deepwater Horizon oil spill cleanup, had caused him to develop sialolithiasis and sarcoidosis. Dailey fell within the class member definition for the Deepwater Horizon Medical Benefits Class Action Settlement Agreement (MSA). Among other benefits, the MSA provides an exclusive remedy known as the Back-End Litigation Option (BELO) for class members, like Dailey, who seek compensation for Later Manifested Physical Conditions (LMPCs) (defined as physical injuries allegedly caused by spill exposures and first diagnosed after April 16, 2012).

    Dailey initiated this action in the Middle District of Louisiana. The action was transferred to the Eastern District of Louisiana and later transferred to this Court. After discovery, the BP defendants filed a motion for summary judgment. They argued that Dailey had failed to disclose expert testimony to prove that his alleged medical conditions were the result of his exposure to oil

or chemical dispersants during the cleanup. The motion was granted. The Court found that BP was entitled to judgment as a matter of law.  The order and final judgment were entered on May 27, 2022. Dailey filed an appeal.  However, his appeal was ultimately dismissed for want of prosecution.  Dailey then filed a motion to reopen this action. The Court denied the motion. The Court explained that Dailey had not alleged any factual basis or identified any statute, rule, or case law, which could provide a legal basis for reopening this action.

      II. Second Motion to reopen.

Dailey has now filed a motion for reconsideration which the Court construes as a second motion to reopen the action (doc. 66).  Dailey appears to try to provide the Court with a legal basis for reopening this action.  He argues that this action should be reopened to bring claims against BP based on employment discrimination. Dailey states that he "was separated from other drivers that was not my race, I was paid less than other drivers in my position, and my age and race.  Also, I was not allowed to attend any meetings or training." Dailey attached a one-page document which indicates that his new claims involve "employment discrimination (gender, age, religion, etc.)" and cites "Age Discrimination in Employment Act (ADEA) – 29 USC 621-634 Equal Employment Opportunity Act (EEOA) – 42 USC 2000e Performance Rating Act – 5 USC 4303" (doc. 66, p. 2).

Although Dailey did not cite Rule 60(b) of the Federal Rules of Civil Procedure, in view of his *pro se* status, the Court liberally construes his motion as brought pursuant to Rule 60(b).[1]  Under the Rule, the district court may relieve a party of a final judgment, order or proceeding for:

---

[1] "As a pro se litigant, Plaintiff's pleadings 'are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" Myers v. United States, No. 22-12733, 2023 WL 6142175, at *4 (11th Cir. Sept. 20, 2023) (Federal Tort Claims Act) (unreported opinion) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that ... could not have been discovered [with reasonable diligence] ...; (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Dailey's reason to reopen this action – that BP discriminated against him on basis of age, race, and religion in 2011 when he was employed as a truck driver – does not fall within any of the allowable grounds set forth in Rule 60(b). Instead, Dailey's employment discrimination claims are wholly new and unrelated claims. Dailey has not presented any reason to justify relief from the order and judgment in favor of BP as to his alleged medical injuries.

Moreover, subsection (c) of the Rule requires a motion to reopen be made "within a reasonable time." For grounds (b)(1), (b)(2), and (b)(3), the motion must be filed within one year after the entry of judgment. Fed. R. Civ. P. 60(c). Judgment was entered May 27, 2022, approximately sixteen months ago. Thus, Dailey cannot rely on the reasons set forth in subparagraphs (b)(1), (b)(2), and (b)(3) as grounds to reopen this action. As to the reasons set forth in subparagraphs (b)(4), (b)(5), and (b)(6) his motion would be subject to dismissal because filing within sixteen months after the judgment was entered, is not filing within a reasonable time as required by Rule 60(c).

III. Conclusion.

Upon consideration, and for the reasons set forth herein, the motion to reopen is DENIED.

**DONE** and **ORDERED** this the 2nd day of October 2023.

/s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE